## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**Veronica Tess Myers**                                                    **Plaintiff**

**v.**                          **No. 4:15CV00122 KGB-JTR**

**Carolyn W. Colvin, Acting Commissioner,**
**Social Security Administration**                                   **Defendant**

### Recommended Disposition

### Instructions

The following recommended disposition was prepared for U.S. District Judge Kristine G. Baker.  A party to this dispute may file written objections to this recommendation.  An objection must be specific and state the factual and/or legal basis for the objection.  An objection to a factual finding must identify the finding and the evidence supporting the objection.  Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1]  The objecting party must serve the opposing party with a copy of an objection.  Failing to object within 14 days waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Baker may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

## Reasoning for Recommended Disposition

Veronica Tess Myers seeks judicial review of the denial of her application for social security disability benefits.[3]  Myers last worked as a sales representative.  She stopped working at age 37 because her employer went out of business.[4]  A few years later, she applied for disability benefits and claimed she has been disabled since she stopped working.  She based disability on hypertension, diastolic heart dysfunction, and osteoarthritis.[5]

**The Commissioner's decision**.  The Commissioner's ALJ identified hypertension and arthritis as severe impairments.[6]  The ALJ determined Myers can do some sedentary work.[7]  Because a vocational expert identified available sedentary work, the ALJ concluded that Myers is not disabled and denied the application.[8]

After the Commissioner's Appeals Council denied review,[9] the ALJ's decision

---

[3]SSA record at pp. 127 & 129 (applying on Sept. 26, 2011 and Oct. 6, 2011, and alleging disability beginning January 18, 2008).

[4]*Id*. at pp. 46-47, 151-52, 162 & 170.

[5]*Id*. at p. 151.

[6]*Id*. at p. 16.

[7]*Id*. at p. 17.

[8]*Id*. at p. 22.

[9]*Id*. at p. 1.

became a final decision for the purpose of judicial review.[10]  Myers filed this case to

challenge the decision.[11]  The recommended disposition explains why the court should

affirm the decision.

   **Myers's allegations**.  Myers contends the ALJ erred by failing to identify left

ventricular dysfunction and ischemia as severe impairments.  She claims a treating

physician medical statement deserved controlling weight.  She maintains the ALJ

failed to resolve a conflict between the vocational evidence and the Dictionary of

Occupational Titles (DOT).  For these reasons, she argues, substantial evidence does

not support the decision.[12]

   **Applicable legal principles**.   When reviewing a decision denying an

application for social security disability benefits, the court must determine whether

substantial evidence supports the decision and whether the ALJ made a legal error.[13]

---

   [10]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

   [11]Docket entry # 1.

   [12]Docket entry # 11.

   [13]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is

For substantial evidence to exist, a reasonable mind must accept the evidence as adequate to support the determination that Myers can do some sedentary work and work exists that she can do[14]

Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."[15] The ALJ placed the following limitations on sedentary work:

> (1) work permitting a worker to stand for 10 minutes after sitting for one hour;
>
> (2) work permitting a worker to elevate the legs for up to 45 degrees;
>
> (3) work requiring no more than frequent fingering and handling;
>
> (4) work involving occasional bending, stooping, crouching, kneeling, balancing, and crawling; and
>
> (5) a climate controlled work environment.[16]

For the following reasons, a reasonable mind will accept the evidence as adequate to show Myers can work with these limitations:

---

substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[14]*Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990) (substantial evidence exists if a reasonable mind will accept evidence as adequate to support conclusion).

[15]20 C.F.R. §§ 404.1567(a) & 416.967(a).

[16]SSA record at p. 17.

4

1.   **The record establishes no very serious functional limitation preventing sedentary work**. Sedentary work "represents a significantly restricted range of work.  Individuals who are limited to no more than sedentary work by their medical impairments have very serious functional limitations."[17]

Medical evidence shows Myers was evaluated for complaints of chest pain in November 2007.  Initial diagnostic testing was consistent with left ventricular diastolic dysfunction[18] and mild to moderate ischemia.[19] A cardiologist recommended cardiac catherization.[20]  Myers sought a second opinion.[21]  A second cardiologist agreed.[22]

Cardiac catherization showed normal coronary arteries, left dominant circulation, and normal left ventricular function.[23]  Myers sought no further cardiac care.  She continued to work until January 2008 when her employer went out of business.  Under these circumstances, no basis existed for identifying left ventricular dysfunction and ischemia as severe impairments.  The results of the cardiac catherization and the lack of cardiac care suggests no very serious functional limitation preventing sedentary work.

Myers has been treated for hypertension since at least November 2007. Treatment records show medication controls her hypertension.  During

---

[17]SSR 96-9p, *Pol'y Interpretation Ruling Titles II & XVI: Determining Capability to Do Other Work--Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work.*

[18]SSA record at pp. 311-12.

[19]*Id*. at p. 247.

[20]*Id*. at p. 248.

[21]*Id*. at p. 234.

[22]*Id*. at p. 260.

[23]*Id*. at p. 256.

her agency exam, Myers complained about arthritis and morning stiffness, but her exam was normal.[24]   Remote diagnostic imaging showed arthritic change in the left shoulder,[25] but Myers had a full range of motion in the shoulders, elbows, wrists, hands, hips, knees, ankles, neck and low back.[26]   The agency examiner attributed hypertension to diastolic dysfunction.[27]   The exam showed no very serious functional limitation preventing sedentary work.

2. **The treating physician statement deserved little weight.** According to a treating physician, Myers is "significantly limited in her ability to seek gainful employment because of her conditions."[28]   Myers complains because the ALJ gave the statement little weight.[29]   A treating physician's medical statement deserves controlling weight if it is supported and consistent with the other substantial evidence.[30]

The physician's statement is not supported.  The physician treated Myers for hypertension.  Treatment records document five medical visits in 18 months.  During that time, Myers reported few complaints.[31]   Prescribed

---

[24]*Id*. at pp. 284-88.

[25]*Id*. at p. 226.

[26]*Id*. at p. 286.

[27]*Id*. at p. 289.

[28]*Id*. at p. 321.

[29]*Id*. at p. 20.

[30]SSR 96-2p, *Pol'y Interpretation Ruling Titles II & XVI, Giving Controlling Weight to Treating Source Med. Opinions.  See also House v. Astrue*, 500 F.3d 741, 745 (8th Cir. 2007); *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005).

[31]SSA record at p. 281 (June 28, 2010: occasional headaches and dizziness, medication for hypertension adjusted), p. 280 (Aug. 2, 2010: no complaints on prescribed medications, she's feeling quite well), p. 282 (July 12, 2010: no complaints, she's taking her blood pressure medications regularly), p. 283 (Sept. 7,

treatment was successful.  The physician documented one negative medical finding — knee and low back pain on the last visit.[32]  In contrast, the physician reported disabling symptoms due to hypertension, left ventricular dysfunction, and osteoarthritis.  Treatment notes are inconsistent with reported symptoms.

Importantly, the physician had not seen Myers for one year.  The lapse of time between the last medical visit and the statement — one year — and the temporal proximity of the statement to the hearing — 13 days — suggest a statement prepared to further an application for disability benefits, rather than the type of detailed, longitudinal picture of a claimant's medical impairments that deserves controlling weight.[33]  Under these circumstances, the ALJ did not err by giving the statement little weight.

3.  **The ALJ accounted for limitations**.  In determining a claimant's ability to work, the ALJ must consider "all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of [her] limitations."[34]  Myers identified arthritis as her primary limitation.[35]

Over-the-counter medication decreases arthritic symptoms.[36]  Myers says

---

2010: no complaints) & p. 319 (Jan. 31, 2012: she complains about occasional shortness of breath with exertion and pain in the hips, back, and knees, she says she cannot sit or stand for a prolonged period of time).

[32]*Id*. at p. 319.

[33]20 C.F.R. §§ 404.1527 & 416.927 (treating "sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s)").

[34]*Pearsall v. Massanari*, 274 F.3d 1211, 1217-18 (8th Cir. 2001).

[35]SSA record at pp. 33-34 & 178.

[36]*Id*. at pp. 38 & 179.

she cannot stand or sit for prolonged periods of time,[37] but the ALJ's requirements account for such limitations. Myers cleans her home, shops, attends community activities, cares for her autistic son, and acts as an advocate for autistic people.[38] She exercises by walking around a track and using a treadmill.[39] These activities reflect more than sedentary efforts, but the ALJ limited Myers to sedentary work and required work that will not aggravate arthritic symptoms. Myers's activities and treatment history implicate no very serious functional limitation preventing sedentary work.

4. **Vocational evidence supports the decision**. The ALJ questioned a vocational expert about available sedentary work. The vocational expert identified telemarketer and information clerk as representative jobs.[40] The availability of representative jobs shows work exists that Myers can do, regardless of whether such work exists where she lives, whether a job vacancy exists, or whether she would be hired if she applied for work.[41] Because such work exists, Myers isn't disabled under social security law.

Myers claims the vocational evidence conflicts with the DOT because the DOT does not address the need to elevate the legs, but the DOT's failure to address the requirement does not create a conflict. Even if a conflict existed, the ALJ relied on a vocational expert. According to the vocational expert, the jobs allow elevating the legs.[42] Considering the DOT hasn't been updated since 1991, a vocational expert is uniquely suited "to assess whether jobs exist for a person with the claimant's

---

[37]*Id*. at pp. 50 & 179.

[38]*Id*. at pp. 53 & 180-84.

[39]*Id*. at p. 54.

[40]*Id*. at p. 58.

[41]42 U.S.C. § 1382c(a)(3)(B).

[42]SSA record at p. 58.

precise disabilities."[43]

## Conclusion and Recommended Disposition

Substantial evidence supports the ALJ's decision because a reasonable mind will accept the evidence as adequate to support the decision.  Myers's impairments permit some sedentary work.  The ALJ made no legal error.  For these reasons, the undersigned magistrate judge recommends DENYING Myers's request for relief (docket entry # 2) and AFFIRMING the Commissioner's decision.

Dated this 6th day of April, 2016.

_____
United States Magistrate Judge

---

[43]*Gilliam v. Califano*, 620 F.2d 691, 694 n.1 (8th Cir. 1980).